IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| RICKEY L. MCGEE, #2173658, | § § § |
| Plaintiff, | § § |
| | § Lead Case No. 6:21-cv-200 |
| v. | § § |
| | § Consolidated Case No. 6:21-cv-222 |
| WARDEN THOMPSON, et al., | § § |
| Defendants. | § § § |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Rickey L. McGee, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

On August 2, 2022, Judge Mitchell issued a Report and Recommendation recommending that the Court grant Defendants' motions to dismiss. Docket No. 53. Judge Mitchell recommended that the Court dismiss with prejudice Plaintiff's claims that Defendants failed to protect him for the failure to state a claim upon which relief may be granted. She further recommended that the Court dismiss without prejudice Plaintiff's claims concerning alleged deliberate indifference to his serious medical needs for failure to exhaust administrative remedies. Finally, Judge Mitchell recommended denying all requests for injunctive relief. Plaintiff timely objected. Docket No. 54.

1

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff repeats his claim of negligence and essentially reargues the merits of his claims. Plaintiff further maintains that he fully exhausted all of his claims by June 8, 2021, and that he only conceded that he failed to exhaust in his original complaint because he requested a preliminary injunction because of the pain he was experiencing.

The Court finds Plaintiff's objections unavailing. Plaintiff's allegations that Defendants failed to protect him may evidence negligence, but do not sufficiently allege a constitutional violation. Concerning exhaustion, the Step One grievance Plaintiff attached to his objection is unrelated to Plaintiff's complaint. While Plaintiff's complaint alleges an incident when his cell door closed on his shoulder, the attached grievance concerns Plaintiff's request to prison officials for a six-month history of his prison trust-fund account. *See* Docket No. 54-1. Because this grievance is wholly unrelated to the claims in this lawsuit, the grievance does not demonstrate that Plaintiff exhausted the required administrative remedies. *See Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004).

Having conducted a de novo review of the record in this case, Plaintiff's objections, and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 53) as the opinion of the District Court. The Court GRANTS Defendants' motions to dismiss (Docket Nos. 28, 29). Plaintiff's claim that Defendants failed to protect him is **DISMISSED** with prejudice for the failure to state a claim upon which relief may be granted. Plaintiff's claims concerning deliberate indifference to his serious medical needs are **DISMISSED** without prejudice for the failure to exhaust administrative remedies. All requests for injunctive relief are **DENIED**.

So **ORDERED** and **SIGNED** this **23rd** day of **August, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE